UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDER WARD,

                Plaintiff,

    v.

ICICLE SEAFOODS, INC., et al.,

                Defendants.

CASE NO. C06-431JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on cross motions for summary judgment (Dkt. ## 34, 36).  The court has considered the papers filed in connection with the motions and finds the matter appropriate for disposition without oral argument.  For the reasons stated below, the court GRANTS summary judgment in favor of Defendants.

## II.  BACKGROUND

Plaintiff Alexander Ward served as a fish processor aboard the F/V NORTHERN VICTOR, a vessel owned by Defendant Icicle Seafoods, Inc. ("Icicle").  Early on the morning of September 20, 2005, one or more of Mr. Ward's fellow crew members assaulted him while he was sitting on a bench waiting for his shift to begin.  Mr. Ward

ORDER – 1

departed the vessel and, for several months thereafter, resorted to over-the-counter

medication to treat his injury.  Eventually, Mr. Ward sought professional medical

attention.  On May 5, 2006, Mr. Ward filed a motion to compel Icicle to pay maintenance

and cure starting from the date of his injury.  The court granted Mr. Ward's motion in an

order dated July 31, 2006 (Dkt. # 22).

Icicle paid Mr. Ward's medical bills and his living expenses at $30 per day, from

the date of injury until November 22, 2006.  Icicle ceased paying Mr. Ward's room and

board (i.e., maintenance) when it discovered that Mr. Ward's supposed dwelling had been

uninhabited for several months and was under construction.  Gemmert Decl., Ex. 7.

Icicle contends that it attempted to verify Mr. Ward's rent and utility expenditures, but

that Mr. Ward was unresponsive.  Lindsey Decl., Ex. 3 at 15.  Icicle explained its reasons

for terminating maintenance payments in a letter to opposing counsel dated December 18,

2006.  Id. at Ex. 2.

Defendants now move for summary judgment on Mr. Ward's maintenance and

cure claim.[1]  In his cross-motion, Mr. Ward requests that the court rule on whether

punitive damages are available for a shipowner's willful failure to pay maintenance and

cure.

### III.  ANALYSIS

In resolving a motion for summary judgment, the court must draw all inferences

from the admissible evidence in the light most favorable to the non-moving party.  Addisu

v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is

appropriate where there is no genuine issue of material fact and the moving party is

entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears

---

[1]Mr. Ward previously agreed to drop his negligence and seaworthiness claims
(Dkt. # 33), leaving only his maintenance and cure claim.

ORDER – 2

the initial burden to demonstrate the absence of a genuine issue of material fact. <u>Celotex</u> <u>Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). When the moving party meets its burden, the opposing party must show that there is a genuine issue of fact for trial. <u>Matsushita Elect.</u> <u>Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. <u>Intel Corp. v.</u> <u>Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991). For purely legal questions, summary judgment is appropriate without deference to either party.

### A.    Maintenance and Cure

The purpose of maintenance and cure is to provide an injured seaman with food, lodging, and necessary medical care to facilitate his maximum possible recovery. <u>Calmar</u> <u>S.S. Corp. v. Taylor</u>, 303 U.S. 525, 527 (1938). A seaman's entitlement to maintenance and cure continues until he reaches "maximum cure" –  a recovery as complete as the injury allows. <u>Permanente S.S. Corp. v. Martinez</u>, 369 F.2d 297, 298-99 (9th Cir. 1966).

In support of its motion, Icicle provides unanswered evidence that it has paid all of Mr. Ward's medical bills. Lindsey Decl. ¶¶ 3, 4, Ex. 3 at 14. Further, Icicle's claims adjuster attests that Mr. Ward's doctor has no further appointments scheduled with Mr. Ward. Lindsey Decl. ¶ 5. As the party opposing Icicle's motion, Mr. Ward bears the burden to show that there is a genuine issue of material fact for trial on the question of maximum cure. Mr. Ward has failed to do so. In fact, Mr. Ward says nothing about his current medical state. Instead, he dedicates his opposition to a discussion of punitive damages, which he already briefed in his cross-motion.[2] He states, "[o]nce that question [of punitive damages] is answered then plaintiff can and will adduce further facts to

---

[2]The court is troubled by counsel's failure to file an opposition brief and his casual assumption that there will be an opportunity at some point in the future to do so. The dispositive motions deadline has passed, discovery has long since concluded, and the trial date is two months away.

ORDER – 3

support his claim through reconvening the deposition of Leauri Lopes which was wrongly terminated." Opp'n at 9. Even if the court construes this vague statement as a request to continue the motion under Fed. R. Civ. P. 56(f), Mr. Ward fails to provide anything to suggest that the circumstances warrant further discovery. Ms. Lopes is not a doctor, she is Icicle's Director of Human Resources. Mr. Ward does not explain how Ms. Lopes can provide the court with information regarding the status of his recovery, and the court cannot conceive of the relevancy of her testimony on this issue. Although the court resolves ambiguities as to whether a seaman has reached maximum cure in the seaman's favor, Vaughan v. Atkinson, 369 U.S. 527, 532 (1962), there is simply no ambiguity before the court to resolve. Accordingly, the court grants Icicle's motion for summary judgment on Mr. Ward's claim for maintenance and cure.[3]

**B.    Punitive Damages**

Mr. Ward urges the court to revisit (and reverse) the holding in Glynn v. Roy Al Boat Mgmt. Corp., 57 F.3d 1495, 1505 (9th Cir. 1995) ("We therefore hold that punitive damages are not available, although attorney's fees are, where the shipowner has been willful and persistent in [withholding] maintenance and cure . . . ."). Although he acknowledges Glynn as controlling, Mr. Ward urges a reconsideration of the higher court's ruling because "the policy decisions behind Glynn are no longer viable." Cross-Mot. at 6. He theorizes that big seafood companies, like Icicle, push claimants into state-created workers' compensation systems in order to avoid costly maintenance and cure

---

[3]The court need not reach the question of whether Icicle was justified in terminating maintenance in late November 2006 based on Mr. Ward's failure to provide documentation regarding his living expenses. Icicle's obligation to pay maintenance and cure ended when Mr. Ward reached a state of maximum potential medical recovery. See Permanente, 369 F.2d at 298-99. Mr. Ward has put forth no evidence to suggest that Icicle terminated his room and board payments before he reached maximum cure.

ORDER – 4

payments and, with any luck, run the federal statute of limitations period.[4]  Without punitive damages, Mr. Ward argues, employers will continue to avoid their obligations, forcing seamen to pursue costly litigation.  Consequently, he asks the court to rule as a matter of law that punitive damages are available to a seaman where an employer has wilfully denied maintenance and cure.[5]

This court is not empowered to disregard binding precedent of the Ninth Circuit. The principle bears repeating:

> A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a majority of the Court.  Binding authority in this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point is the law.  If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect.  Binding authority must be followed unless and until overruled by a body competent to do so.

Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001).  Because Glynn forecloses an award of punitive damages in the context of a claim for maintenance and cure, the court denies Mr. Ward's motion.

---

[4]The court notes that the scenario Mr. Ward outlines did not occur in this case.  Here, although Mr. Ward entered Alaska's workers' compensation program, he obtained counsel and filed his complaint within the limitations period.

[5]The court previously denied attorneys' fees in connection with Mr. Ward's motion to compel maintenance and cure because it concluded that Icicle had not willfully withheld maintenance and cure (Dkt. # 22).  Mr. Ward has not asked the court to reconsider its prior order nor does he provide any new evidence of willful non-payment; rather, he requests the court to render what amounts to an advisory opinion.  Although this raises justiciability concerns, the court nevertheless considers Mr. Ward's motion given that the Ninth Circuit has definitively answered the question posed.

ORDER – 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion (Dkt. # 36) and DENIES Mr. Ward's Motion (Dkt. # 34).  The court directs the clerk to enter judgment consistent with this order.

Dated this 16th day of March, 2007.

_____
JAMES L. ROBART
United States District Judge

ORDER – 6